Mr. Justice Gantt
delivered the opinion of the court.
Judgments by default are interlocutory or final, and although in actions of debt, the judgment by default is commonly said to be final, still where the action is brought on a judgment, the plaintiff is entitled to a writ of enquiry, after a judgment by default, to recover interest by way of damages for the detention of the debt. In accordance with this position is the case of Blackmore vs. Flemyng, (7 Term Rep. 446,) where, after judgment by default, in an action of debt on a judgment, the plaintiff sued out á writ of enquiry, and the court thought that there was neither irregularity nor oppression in the proceeding, saying, that the plaintiff was damnified by reason of the debt having been withheld from him, and that he had a right to the damages for that detention. Indeed the constant practice in England, both in the court of King’s Bench and Common Pleas, since the case of Holdipp, the executor of Dowse vs. Otway, (reported in 2 Saunders, 106-7,) upon an interlocutory judgment, is', for the court without any writ of enquiry, to refer it to the Protlionotafy to ascertain the damages and costs; provided the plaintiff does not choose to' have a writ of enquiry of damages ; the option being with him, either to refer it, or have a writ of en-quiry.
■ Where an inquisition is taken, it is to inform the ton- *330 ¡science of the court merely in cases of interlocutory judg • ments ; where, from the particular circumstances of the case, it is doubtful whether any, and if any, what damages should be given. In cases of this description, it should be left to a jury to consider of the damages. The case of Nelson vs. Sheridan, (8 Term Rep, 395,) is quottd as an example where the court refused to grant the rule on an interlocutory judgment in debt, on a judgment in an action brought on a bill of exchange, Lord Kenyon, chief justice, saying* it should be left to a jury to consider whether any, and what damages should be given. I think, therefore, there is no doubt but what the plaintiffs in this action were entitled to a writ of enquiry.
I think too that the plaintiffs were entitled to recover interest by way of damages, beyond the amount for which the original judgment bad been rendered. If damages are allowed on the ground that the debt has been detained, then, in reason, there can be no distinction between cases where those damages exceed, and where they do not exceed, the penalty; it appears as forcible in the one case as in the other. |t may be presumed that an obligee would rarely suffer a bond to remain unpaid so long as that the interest would exceed the penalty. The judgment in an action of debt on bond, is to be rendered for the penalty. It is the stipulated forfeiture for the non-performance of the condition, and the obligee being a party to the contract, has no reason to complain, if by his neglect to en-* force payment, the interest should exceed the penalty. — . But when a judgment has beén recovered in an action on the bond, the nature of the demand is altered, the judgment is rendered for a fixed sum ; to-wit, the penalty; the ob-ligor has it in his power, at all times, to discharge the debt before it reaches the amount of the penal sum; but if he fails to do so till the interest amounts thereto, the sum for which the judgment was rendered, becomes the actual debt due, and if payment is longer delayed to the injury of the plaintiff, he is entitled to interest by way of damages for the detention. The judgment rendered fixes *331 tbe amount of debt due. There is no longer any penalty. The bond debt has become merged in another and higher security, and constitutes a new debt; and such is the opinion expressed by Lord Kenyon, in the case of McClure vs. Dunkin, (1 East. Rep. 436,) who said, “ if this had- been an action on the bond, the objection would have holden good ; but after the judgment recorded, transit in rem ju~ dicatam, the nature of the demand is altered : and this being an action on the judgment,' it was competent to the jury to allow interest to the amount 'of what was due.”— (See also Buller, 174.)
I. think both grounds have been ably and fully supported by the counsel for the plaintiffs, and that a new trial should be granted.
justices Kott, Johnson, Huger, and Colcoek, concurred,